**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Physician's Choice of Arizona, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Visual Changes Skin Care International, Inc., <br><br> Defendant. | No. CIV 03-0873 PHX RCB <br><br> O R D E R |

    On March 4, 2005, Plaintiff Physician's Choice of Arizona, Inc. ("PCA") filed a Motion for Protective Order Regarding Plaintiff Attorney-Client E-mail Correspondence and a Motion for Sanctions. Motions (doc. 144). These motions were fully briefed on March 29, 2005. Reply (doc. 162). Having carefully reviewed the arguments submitted by the parties, the Court now rules.

    PCA's motions are based on events arising from a subpoena duces tecum issued by Defendant Visual Changes Skin Care International, Inc. ("Visual Changes"). The parties do not dispute that on February 4, 2005, Visual Changes served a subpoena duces

tecum on Mickey Miller, commanding production of certain documents. PCA was not notified of this subpoena. Thereafter, Miller's counsel provided Visual Changes with email correspondence between Miller, Margaret Ancira (President of PCA), and counsel for PCA. Visual Changes did not notify PCA of its receipt of the emails or their possible privileged nature. However, Visual Changes reviewed the documents and submitted them as an exhibit to a brief filed with the Court. See Exbt. B (doc. 119).

Based on these actions, PCA moves the Court to grant a protective order regarding the materials discovered from Mickey Miller and issue sanctions upon Visual Changes and Visual Changes' counsel. Motions (doc. 144). PCA lists specific remedies and sanctions it wishes to see imposed and asks the Court to order any combination of them it deems appropriate. Id. at 9.

In contrast, Visual Changes argues that PCA's motions should be denied because the lack of notification of the subpoena was unintentional. Resp. (doc. 157) at 4-7. Further, Visual Changes attempts to justify its filing of the discovered emails by asserting that, due to PCA's lack of objection to the subpoena, it believed that PCA had waived the attorney-client privilege. Id. at 8.

Considering the posture and history of this case, the Court finds Visual Changes' claim regarding the assumed waiver of the attorney-client privilege to be disingenuous. Moreover, the Court concludes that certain actions must be taken to remedy this situation.

Thus,

IT IS ORDERED that Plaintiff's Motion for Protective Order

1  Regarding Plaintiff Attorney-Client E-mail Correspondence and
2  Motion for Sanctions (doc. 144) are GRANTED with the following
3  remedies and limitations:
4      1. The Clerk is directed to seal Exhibit B of the Declaration
5  of Gregory J. Smith in Support of Brief of Visual Changes
6  Addressing Outstanding Discovery Issues and Discovery Conference,
7  Exbt. B (doc. 119);
8      2. Visual Changes is ordered to disclose to plaintiff all
9  material subpoenaed from Mickey Miller;
10     3. Visual Changes' counsel is ordered to disclose to plaintiff
11  all correspondence with Mickey Miller, however, if any such
12  correspondence is asserted to be privileged, Visual Changes must
13  file the privileged portion *in camera* with the Court;
14     4. Visual Changes is ordered to cease contact with Mickey
15  Miller, except through formal discovery processes;
16     5. The Court shall grant PCA its attorneys' fees in bringing
17  this motion, subject to a determination of their reasonableness.
18  PCA may file a statement or declaration of fees within twenty (20)
19  days of this order.
20     DATED this 26th day of October, 2005.

_____
Robert C. Broomfield
Senior United States District Judge

26  Copies to counsel of record